**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BENEDICT PEREZ, Individually and On Behalf of All Others Similarly Situated, | ) ) ) **Case No.** |
| Plaintiff, | ) ) ) |
| v. | ) **CLASS ACTION COMPLAINT** ) |
| QUDIAN INC., MIN LUO, CHAO ZHU, LI DU, SHILEI LI, YI CAO, LIANZHU LV, CARL YEUNG, and DIANA ARIAS, | ) **JURY TRIAL DEMANDED** ) ) ) |
| Defendants. | ) ) |

## CLASS ACTION COMPLAINT

Plaintiff Benedict Perez ("Plaintiff"), individually and on behalf of all other persons similarly situated, by his undersigned attorneys, for his complaint against Defendants, alleges the following based upon personal knowledge as to himself and his own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Qudian, Inc. ("Qudian" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet.  Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.     This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired Qudian's American Depositary Receipts ("ADRs") pursuant and/or traceable to Qudian's false and misleading

1

Registration Statement and Prospectus, issued in connection with the Company's initial public offering on or about October 18, 2017 (the "IPO" or the "Offering"), seeking to recover damages caused by Defendants' violations of the Securities Act of 1933 (the "Securities Act").

2.     Qudian Inc. is a provider of online micro-lending credit products. The Company offers cash credit products, including funds in digital form and merchandise credit products. Qudian serves customers in China.

3.     Founded in 2014, the Company is headquartered in Beijing, China and its ADRs trade on the New York Stock Exchange ("NYSE") under the ticker symbol "QD."

4.     Defendants made materially false and misleading statements in the IPO's Registration Statement regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company was engaged in predatory lending practices that saddled subprime borrowers and/or those with poor or limited credit histories with high interest rate debt that they could not repay; (ii) many of the Company's customers were using Qudian-provided loans to repay their existing loans, thereby inflating the Company's revenues and active borrower numbers and increasing the likelihood of defaults; (iii) the Company was providing online loans to college students despite a governmental ban on the practice; (iv) the Company was engaged overly aggressive and improper collection practices; (v) the Company had understated the number of its non-performing loans in the Registration Statement and Prospectus; (vi) because of the Company's improper lending, underwriting and collection practices it was subject to a heightened risk of adverse actions by Chinese regulators; (vii) the Company's largest sales platform and strategic partner, Alipay and Ant Financial, could unilaterally cap the APR for loans provided by Qudian; (viii) the Company had failed to implement necessary safeguards to

protect customer data; (ix) data for nearly one million Company customers had been leaked for sale to the black market, including names, addresses, phone numbers, loan information, accounts and, in some cases, passwords to CHIS, the state-backed higher-education qualification verification institution in China, subjecting the Company to undisclosed risks of penalties and financial and reputational harm; and (x) as a result of the foregoing, Qudian's public statements were materially false and misleading at all relevant times.

5.      On December 12, 2017, Qudian's ADR price closed at $13.19, approximately 45% lower than the $24.00 IPO price.

6.      As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

7.      The claims asserted herein arise under and pursuant to Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o).

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, and Section 22 of the Securities Act (15 U.S.C. § 77v).

9.      Venue is proper in this Judicial District pursuant to §22 of the Securities Act (15 U.S.C. §77v) and 28 U.S.C. §1391(b) as certain acts in furtherance of the alleged fraud or the effects of the fraud have occurred in this Judicial District. The Company's ADRs trade on the NYSE, located within this District.

10.     In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce,

including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

11.    Plaintiff, as set forth in the attached Certification, acquired Qudian securities traceable to the IPO and has been damaged thereby.

12.    Defendant Qudian is headquartered in Beijing, China, with its principal executive offices located at Lvge Industrial Building – 15th Floor, 1 Datun Road, Beijing F4 100012, People's Republic of China.  Qudian's ADRs trade on the NYSE under the ticker symbol "QD."

13.    Defendant Min Luo ("Luo") served as the Company's Director at the time of the IPO.

14.    Defendant Chao Zhu ("Zhu") served as the Company's Director at the time of the IPO.

15.    Defendant Li Du ("Du") served as the Company's Director at the time of the IPO.

16.    Defendant Shilei Li ("Li") served as the Company's Director at the time of the IPO.

17.    Defendant Yi Cao ("Cao") served as the Company's Director at the time of the IPO.

18.    Defendant Lianzhu Lv ("Lv") served as the Company's Director at the time of the IPO.

19.    Defendant Carl Yeung ("Yeung") served as the Company's Chief Financial Officer ("CFO") at the time of the IPO.

20.    Defendant Diana Arias ("Arias") served as the Company's Senior Manager at the time of the IPO.

4

21.     The Defendants referenced above in ¶¶ 13-20 are sometimes referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

22.     Qudian Inc. provides online credit products. The Company offers cash credit products, including funds in digital form and merchandise credit products. Qudian serves customers in China.

23.     On September 18, 2017, Qudian filed a registration statement on Form F-1 with the SEC in connection with the IPO. The registration statement was subsequently amended several times, with the final amended registration statement filed on Form F-1/A with the SEC on October 13, 2017 (collectively, the "Registration Statement").

24.     The Registration Statement contained a preliminary prospectus. The final prospectus (the "Prospectus") was filed with the SEC on October 18, 2017.

25.     On October 17, 2017, the SEC declared the Registration Statement effective.

26.     On or about October 18, 2018, the Company completed its IPO, issuing 26,110,118 shares and raising net proceeds of approximately $900 million.

### Materially False and Misleading Statements

27.     On October 18, 2017, Qudian filed its Prospectus with the SEC, which forms part of the Registration Statement.  The Registration Statement was negligently prepared and, as a result, contained untrue statements of material facts or omitted to state other facts necessary to make the statements made not misleading, and was not prepared in accordance with the rules and regulations governing its preparation.

28.     Concerning the Company's loan collection practices, the Registration Statement

stated in relevant part:

> We have implemented payment and collection policies and practices designed to optimize regulatory compliant repayment, while also providing superior borrower experience. Our collection process is divided into distinct stages based on the severity of delinquency, which dictates the level of collection steps taken. For example, automatic reminders through text, voice and instant messages are sent to a delinquent borrower as soon as the collections process commences. Our collection team will also make phone calls to borrowers following the first missed payment and periodically thereafter. Our collection team also disclose such delinquency to Zhima Credit if a payment is more than 20 calendar days past due. For amounts more than 90 calendar days past due, we continue to contact the relevant borrowers by phone. For larger amounts past due, we may also conduct in-person visits.
>
> ***
>
> Our collection efforts extend to every delinquent borrower. Our collection process is divided into distinct stages based on the severity of delinquency, which dictates the level of collection steps taken. For example, automatic reminders through text and instant messages are sent to a delinquent borrower as soon as the collections process commences, and we take such measures to address delinquencies typically caused by borrowers' oversight. If the payment is still outstanding after these reminders, our collection system will initiate automated voice calls, which we believe are more difficult for borrowers to ignore compared to text and instant messages. In the event such efforts remain unsuccessful, our collection team will make phone calls and disclose such delinquency to Zhima Credit if a payment is more than 20 calendar days past due. We inform the relevant borrowers of our intention to make such reports and the adverse impact of delinquencies on their credit histories, which may convince such borrowers to pay the amounts past due. For larger amounts past due, we may also conduct in-person visits. We may stop collection efforts when credit drawdowns are 180 calendar days overdue and collection attempts have reached a certain number. In the event of (i) death of the borrower, (ii) identification of fraud, and the fraud is officially reported to and filed with relevant law enforcement departments or (iii) the amount remained outstanding 180 calendar days past due and therefore deemed uncollectible, we will charge off the relevant outstanding amount. Substantially all of our charge-offs since our inception were due to amounts that remain outstanding 180 calendar days past due and therefore deemed uncollectible.

29.     Concerning the security of borrower data, the Company stated, in relevant part:

> Our business and internal systems rely on software that is highly technical and complex. In addition, our business and internal systems depend on the ability

of such software to store, retrieve, process and manage large amounts of data. The software on which we rely has contained, and may now or in the future contain, undetected errors or bugs. Some errors may only be discovered after the code has been released for external or internal use. Errors or other design defects within the software on which we rely may result in a negative experience for users, delay introductions of new features or enhancements, result in errors or compromise our ability to protect user data or our intellectual property, or affect the accuracy of our operating data. Any errors, bugs or defects discovered in the software on which we rely could result in harm to our reputation, loss of users, liability for damages, any of which could adversely affect our business, financial condition and results of operations.

***

**Misconduct and errors by our employees and parties we collaborate with could harm our business and reputation.**

We are exposed to many types of operational risks, including the risk of misconduct and errors by our employees and parties that we collaborate with. Our business depends on our employees and/or business partners to interact with users, process large numbers of transactions, deliver merchandise purchased by borrowers, providing user and after-sale product services and support the collection process, all of which involve the use and disclosure of personal information. We could be materially and adversely affected if transactions were redirected, misappropriated or otherwise improperly executed, if personal information was disclosed to unintended recipients or if an operational breakdown or failure in the processing of transactions occurred, whether as a result of human error, purposeful sabotage or fraudulent manipulation of our operations or systems… If any of our employees or business partners take, convert or misuse funds, documents or data or fail to follow our rules and procedures when interacting with users, we could be liable for damages and subject to regulatory actions and penalties. We could also be perceived to have facilitated or participated in the illegal misappropriation of funds, documents or data, or the failure to follow our rules and procedures, and therefore be subject to civil or criminal liability. Any of these occurrences could result in our diminished ability to operate our business, potential liability to users, inability to attract users, reputational damage, regulatory intervention and financial harm, which could negatively impact our business, financial condition and results of operations.

30.     The statements referenced in ¶¶ 27-29 were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that:

(i) the Company was engaged in predatory lending practices that saddled subprime borrowers and/or those with poor or limited credit histories with high interest rate debt that they could not repay; (ii) many of the Company's customers were using Qudian-provided loans to repay their existing loans, thereby inflating the Company's revenues and active borrower numbers and increasing the likelihood of defaults; (iii) the Company was providing online loans to college students despite a governmental ban on the practice; (iv) the Company was engaged overly aggressive and improper collection practices; (v) the Company had understated the number of its non-performing loans in the Registration Statement and Prospectus; (vi) because of the Company's improper lending, underwriting and collection practices it was subject to a heightened risk of adverse actions by Chinese regulators; (vii) the Company's largest sales platform and strategic partner, Alipay and Ant Financial, could unilaterally cap the APR for loans provided by Qudian; (viii) the Company had failed to implement necessary safeguards to protect customer data; (ix) data for nearly one million Company customers had been leaked for sale to the black market, including names, addresses, phone numbers, loan information, accounts and, in some cases, passwords to CHIS, the state-backed higher-education qualification verification institution in China, subjecting the Company to undisclosed risks of penalties and financial and reputational harm; and (x) as a result of the foregoing, Qudian's public statements were materially false and misleading at all relevant times.

31.    Moreover, Item 303 of SEC Regulation S-K, 17 C.F.R. § 229.303(a)(3)(ii), requires defendants to "[d]escribe any known trends or uncertainties that have had or that the registrant reasonably expects will have a material favorable or unfavorable impact on the sales or revenues or income from continuing operations." Similarly, Item 503 of SEC Regulation S-K, 17 C.F.R. § 229.503, requires, in the "Risk Factor" section of registration statements and

prospectuses, "a discussion of the most significant factors that make the offering speculative or risky" and requires each risk factor to "adequately describe[] the risk." The failure of the Registration Statement to disclose the facts listed in ¶ 30 violated 17 C.F.R. §229.303(a)(3)(ii), because these undisclosed facts would (and did) have an unfavorable impact on the Company's sales, revenues and income from continuing operations. This failure also violated 17 C.F.R. §229.503, because these specific risks were not adequately disclosed, or disclosed at all, even though they were some of the most significant factors that made an investment in Qudian ADRs speculative or risky.

32. On December 12, 2017, Qudian's ADR price closed at $13.19, approximately 45% below the $24.00 IPO price.

33. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Qudian securities pursuant and/or traceable to the IPO (the "Class"). Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

35. The members of the Class are so numerous that joinder of all members is impracticable.  Qudian securities are actively traded on the NYSE.  While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through

appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by Qudian or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

36.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

37.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

38.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

- whether Defendants violated the Securities Act;

- whether statements made by Defendants to the investing public in the Registration Statement misrepresented material facts about the business, operations and management of Qudian; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

39.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## COUNT I

### (Violations of Section 11 of The Securities Act Against All Defendants)

40.     Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness or intentional misconduct.

41.     This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against the Individual Defendants.

42.     The Registration Statement for the IPO was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

43.     Qudian is the registrant for the IPO. Individual Defendants named herein were responsible for the contents and dissemination of the Registration Statement.

44.     As issuer of the shares, Qudian is strictly liable to Plaintiff and the Class for the misstatements and omissions.

45.     None of the Individual Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions of any material facts and were not misleading.

46.     By reasons of the conduct herein alleged, each Individual Defendant violated, and/or controlled a person who violated Section 11 of the Securities Act.

47.     Plaintiff acquired Qudian securities pursuant and/or traceable to the Registration Statement for the IPO.

48.     Plaintiff and the Class have sustained damages. The value of Qudian securities has declined substantially subsequent to and due to the Individual Defendants' violations.

## COUNT II

**(Violations of Section 15 of The Securities Act Against the Individual Defendants)**

49.     Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness or intentional misconduct.

50.     This count is asserted against the Individual Defendants and is based upon Section 15 of the Securities Act.

51.     Individual Defendants, by virtue of their offices, directorship, and specific acts were, at the time of the wrongs alleged herein and as set forth herein, controlling persons of Qudian within the meaning of Section 15 of the Securities Act. Individual Defendants had the power and influence and exercised the same to cause Qudian to engage in the acts described herein.

52.     Individual Defendants' positions made them privy to and provided them with actual knowledge of the material facts concealed from Plaintiff and the Class.

53.     By virtue of the conduct alleged herein, the Individual Defendants are liable for the aforesaid wrongful conduct and are liable to Plaintiff and the Class for damages suffered.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.     Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.     Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

12

C.     Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.     Awarding such other and further relief as this Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

Dated: December 19, 2017

Respectfully submitted,

**POMERANTZ LLP**

*/s/Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
Email:  jalieberman@pomlaw.com
           ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:   (312) 377-1184
Email:  pdahlstrom@pomlaw.com

**BRONSTEIN, GEWIRTZ**
**& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 697-6484
Email:  peretz@bgandg.com

*Attorneys for Plaintiff*

Submission Date

2017-12-13 14:00:49

# CERTIFICATION PURSUANT TO FEDERAL SECURITIES LAWS

1.    I  make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2.  I have reviewed a Complaint against against a Complaint against Qudian Inc. ("Qudian" or the "Company"), as well as media and analyst reports about the Company. Plaintiff believes and authorizes the filing of a comparable complaint on my behalf.

3.  I did not purchase or acquire Qudian securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.

4.    I am willing to serve as a representative party on behalf of a Class of investors who purchased or acquired Qudian securities during the class period, including providing testimony at deposition and trial, if necessary.  I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5.  To the best of my current knowledge, the attached sheet lists all of my transactions in Qudian securities during the Class Period as specified in the Complaint.

6.  During the three-year period preceding the date on which this Certification is signed, I have not sought to serve as a representative party on behalf of a class under the federal securities laws.

7.    I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

8.    I declare under penalty of perjury that the foregoing is true and correct.

## Name

Print Name

Benedict Perez

## Acquisitions

Configurable list (if none enter none)

| Date Acquired | Number of Shares Acquired | Price per Share Acquired |
|---|---|---|
| 10/20/2017 | 290 | 34 |
| 10/20/2017 | 300 | 32.96 |
| 10/20/2017 | 210 | 33 |
| 10/23/2017 | 350 | 29.92 |
| 10/24/2017 | 400 | 26.93 |

## Sales

Configurable list (if none enter none)

| Date Sold | Number of Shares Sold | Price per Share Sold |
|-----------|----------------------|---------------------|
| 11/21/2017 | 1550 | 16.2 |

## Documents & Message

Upload your brokerage statements showing your individual purchase and sale orders.


(redacted)

Your Message
I would like to participate in this class action lawsuit.

Signature



Full Name
Benedict Perez


(redacted)

(redacted)



**QUDIAN, INC. (QD)**                                                    **Perez, Benedict**

### LIST OF PURCHASES AND SALES

| DATE | PURCHASE OR SALE | NUMBER OF SHARES/UNITS | PRICE PER SHARES/UNITS |
|------|------------------|------------------------|------------------------|
| 10/20/2017 | Purchase | 290 | $34.0000 |
| 10/20/2017 | Purchase | 300 | $32.9600 |
| 10/20/2017 | Purchase | 210 | $33.0000 |
| 10/23/2017 | Purchase | 350 | $29.9200 |
| 10/24/2017 | Purchase | 400 | $26.9300 |
| 11/21/2017 | Sale | 1,550 | $16.2000 |